# Third District Court of Appeal

## State of Florida

Opinion filed July 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0979
Lower Tribunal No. F19-11732
_____

**Bidier Colas Costa,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Carlos J. Martinez, Public Defender, and Nicholas Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellee.

Before LOGUE, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Costa appeals a final judgment and sentence for attempted second-degree murder and grand theft of a vehicle.[1]  Costa has three arguments on appeal.  First, Costa alleges the trial court violated his due process rights by considering his "no actioned" battery by detainee charge during sentencing for his primary offenses.  Second, Costa argues this Court should reverse and remand with directions for the trial court to correct a scrivener's error in the probation order.  Third, Costa argues this Court should remand with directions for the trial court to enter a written judgment of acquittal on the aggravated assault with a deadly weapon count in accord with the jury's not guilty verdict.  The State concedes that the trial court should correct the scrivener's error and enter the judgment of acquittal on the aggravated assault count.  We agree and reverse and remand with respect to those two issues without further elaboration.

With respect to the trial court's consideration of the "no actioned" battery by detainee charge, we are compelled to reverse and remand for a new sentencing before a new judge.  This is so for the following reasons.

On June 15, 2019, Costa struck Alexei Gonzalez (the "Victim") with a machete and then drove away in a stolen car. Costa crashed the car,

---

[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.140(a), (i).

breaking both of his legs and injuring his hip and back. Police arrived at the crash scene and arrested him that same day. Costa's injuries from the car crash have left him dependent on a walker.

The operative information charged Costa with attempted second-degree murder, grand theft of a vehicle, and aggravated assault with a deadly weapon. Costa was found guilty of attempted second-degree murder and grand theft of a vehicle, but not guilty of aggravated assault with a deadly weapon. The trial court rendered a judgment of conviction, sentencing order, and probation order. The judgment correctly tracks the jury's verdict on the second-degree murder and grand theft counts. But the trial court did not render a written judgment of acquittal on the aggravated assault count. Also, the probation order incorrectly indicated that Costa entered a plea of nolo contendere.

At the sentencing hearing, the State asked the trial court to sentence Costa to 35 years as a Habitual Violent Offender ("HVO") on the second-degree murder count with a 30-year minimum due to his status as a Prison Release Re-offender ("PRRP") and five years for count two, the vehicle theft charge. This would be followed by 10 years' probation.

Costa's counsel cited Costa's physical disability from the crash as a reason for downward departure. For HVO purposes, the trial court

determined that Costa was convicted of aggravated battery on November 4, 2016—three years from the date of the incident in this case. For PRRP purposes, the trial court found he was released from prison according to records from the Department of Corrections on April 17, 2019, and his current arrest took place two months later, on June 15, 2019.

The trial court found no grounds for a downward departure and further found that Costa was a PRRP and HVO. The trial court made the following statement when formulating Costa's sentence:

> I know under the law I must sentence him to a minimum 30 years, but I can sentence him up to life on Count I. ***I want to say that I have looked at the priors of Mr. Costa***, all of them being violent in nature, ***even the one that was no action that's battery by detaining***. I think it's important to note that Mr. Aronowitz said his client's on a walker. He used that walker in jail to attack someone else, and he used that walker as a weapon.
>
> ***It's just an allegation. There's no conviction, but it's something, of course, I can take into account with regards to sentencing***.

The trial court then imposed a 60-year split sentence for attempted second-degree murder—45 years' imprisonment followed by 15-years' probation. For grand theft of a vehicle, the trial court sentenced Costa to five years imprisonment. There was no objection by the defense to any

4

provision of the trial court's sentencing. Costa timely appealed the final judgment and sentence.

While this appeal was pending, Costa filed a motion to correct sentencing errors under Florida Rule of Criminal Procedure 3.800(b)(2). That motion raised all of Costa's arguments on appeal. The trial court did not enter a written order ruling on the motion within 60 days. Hence it was deemed denied.[2]

The issues in this appeal were raised in Costa's previously filed motion to correct sentencing errors. That said, the issue of the trial court's alleged consideration of an impermissible sentencing factor is not a "sentencing error." See Ramirez v. State, 420 So. 3d 570, 575 n.2 (Fla. 3d DCA 2025) (finding that such error "is not apparent from examining [Appellant's] sentencing order itself. As such, the claimed error is not a 'sentencing error[.]'"). So, the State correctly argues that this issue was not properly preserved during the sentencing hearing in the lower court.

Irrespective thereof, Costa alleges his due process rights were violated when the "no action" charge was considered during sentencing. "Whether a

---

[2] That motion was denied by operation of law because the trial court did not enter an order on the motion within 60 days. See Fla. R. Crim. P. 3.800(b)(2)(B) (providing that "if the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied.").

trial court violates a defendant's due process rights by considering impermissible factors in sentencing is a question of law subject to de novo review." Baehren v. State, 234 So. 3d 799, 801 (Fla. 4th DCA 2018) (citing Norvil v. State, 191 So.3d 406, 408 (Fla. 2016)).

While this appeal was pending, this court issued its opinion in Ramirez, 420 So. 3d 570. In Ramirez, as here, the trial court considered a nolle prossed[3] aggravated assault charge during sentencing:

> THE COURT: .... I also have at my disposal priors of the Defendant which show this is not a one-off as the Defense attorney said. *I think even when evaluating a sentence, even if someone hasn't been convicted, this Court has the right to look at the prior charges and to look at the facts and the allegations*. Mr. Ramirez, . . . was charged with aggravated assault . . . . It was ultimately nolle prossed.

See id. at 574 (emphasis added).

---

[3] A "'no action' and a nolle prosequi both signify that the state intends to terminate the prosecution and proceed no further." State v. Clifton, 905 So. 2d 172, 176 n.1 (Fla. 5th DCA 2005). The distinction depends on whether the State has already filed an information. See id.; see also Allied Fid. Ins. Co. v. State for Use & Benefit of Dade Cnty., 408 So.2d 756, 756 n. 1 (Fla. 3d DCA 1982) ("A 'no action' is a dismissal of the pending charges before an information or indictment has been filed; a nolle prosequi is the dismissal of a pending information or indictment."). But it is unlikely there is any dispositive distinction for purposes of considering subsequent arrests without convictions during sentencing.

Further, as here, the nolle prossed charge in <u>Ramirez</u> was not in the presentencing report. On these same facts, we found, in <u>Ramirez,</u> that the trial court's consideration of the nolle prossed charge during sentencing was a due process violation:

> Here, the record reflects the trial court improperly considered Ramirez's dismissed charges when sentencing him. The trial court referred to the details of the dismissed charges, which were not in the presentencing investigation report, to show that the offenses Ramirez was convicted of were not a "one-off mistake." Therefore, we reverse Ramirez's sentence and remanded for resentencing before a different judge.

<u>See</u> <u>id.</u> at 577.

Indeed, there is a bright line rule of due process violation *per se* when the trial court considers a subsequent "no actioned" offense during sentencing. This rule arises from the Florida Supreme Court's holding in <u>Norvil</u>. <u>See</u> 191 So. 3d at 410 ("[W]e adopt the following bright line rule for sentencing purposes: a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense.").

<u>Norvil</u> expressly quashed the Fourth District's holding below which allowed consideration of subsequent "no actioned" offenses if: "(1) the new charge was relevant; (2) the allegations of criminal conduct were supported by evidence in the record; (3) the defendant had not been acquitted of the

charge that arose from the subsequent arrest; (4) the record did not show that the trial court placed undue emphasis on the subsequent arrest and charge in imposing the sentence; and (5) the defendant had an opportunity to explain or present evidence on the issue of his prior and subsequent arrests."  See 191 So. 3d at 408, 410 ("We therefore quash the Fourth District's decision in Norvil and approve Yisrael, Gray, and Mirutil."); accord Norvil v. State, 162 So. 3d 3, 9 (Fla. 4th DCA 2014), decision quashed, 191 So. 3d 406 (Fla. 2016) (citing Whitehead v. State, 21 So. 3d 157 (Fla. 4th DCA 2009) and Jansson v. State, 399 So. 2d 1061 (Fla. 4th DCA 1981)). Because we are bound by Norvil and Ramirez, we are compelled to reverse and remand for a sentencing before a new judge.[4]

Costa also requests that we reverse and remand with directions for the trial court to correct a scrivener's error in the probation order; specifically, the written probation order indicates Costa entered a plea of guilty to attempted

---

[4] Compare Johnson v. State, 51 Fla. L. Weekly D809, D812 (Fla. 4th DCA Apr. 15, 2026) ("It is abundantly clear that the trial court did not rely upon uncharged conduct in sentencing appellant."), and Manna v. State, 418 So. 3d 179, 183 (Fla. 4th DCA 2025) ("The trial court stated immediately after Victim's statement that it would consider such statements as they pertain to the charged domestic battery and not weigh 'the prior bad acts that are alleged' for sentencing purposes."), with Kimbrough v. State, 300 So. 3d 1234, 1235 (Fla. 3d DCA 2020) (finding even "[w]here it remains unclear whether the trial court would have imposed the same sentence absent consideration of an impermissible factor, we must vacate appellant's sentence and remand for resentencing before a different judge.").

second degree murder with a deadly weapon and aggravated battery. But Costa contends it should instead indicate that Costa "had been found guilty of" attempted second degree murder with a deadly weapon and aggravated battery. The State concedes this issue and agrees that the lower court should be directed to correct the error in the probation order. We agree as well.

Finally, Costa urges us to reverse and remand with directions for the trial court to enter a written judgment of acquittal on count 3—aggravated assault with a deadly weapon—in accord with the jury's not guilty verdict. The jury acquitted Costa for aggravated assault with a deadly weapon. Yet the trial court never rendered a judgment of acquittal on that count despite rendering a judgment of guilt on his other counts. The State concedes this error and agrees the lower court should be directed to provide a written order on the acquittal of count 3.[5] We agree as well.

In conclusion, we reverse and remand for a new sentencing before a different judge and with directions for the trial court to enter a written

---

[5] The Rules of Criminal Procedure required the judge to sign and file a written judgment of acquittal on this count. See Fla. R. Crim. P. 3.670(a) ("If the defendant is found not guilty, a judgment of not guilty must be rendered in open court *and in writing*, signed by a judge, filed, and recorded.") (emphasis added).

judgment of acquittal on count 3—aggravated assault with a deadly weapon and to correct the scrivener's error in the probation order.

Reversed and remanded with instructions.